UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NORRIS CLARKSON AND ROSLYN CLARKSON,

                                      Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN LEWIS, shield #26530, POLICE OFFICER DAVID VIGLIONE, shield #12167, POLICE OFFICER JAMES DONNELLY, shield #14911, POLICE OFFICER JEAN CLAUDE JAMES, shield #14416, SERGEANT KEITH CHENG, shield #644, SERGEANT PETER THALL, shield #787, LIEUTENANT JAMES VROMAN, AND JOHN AND JANE DOES 1-3,

                                      Defendants.

**SECOND AMENDED COMPLAINT**

15 CV 05254 (CBA)(MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this civil rights action against the City of New York and several New York City Police Officers alleging that, on February 23, 2015, at approximately 11:50 p.m., defendants violated plaintiffs' rights under 42 U.S.C. § 1983, the First and Fourth Amendments to the United States Constitution and New York state law by falsely arresting them and by using unreasonable force on plaintiffs in retaliation for plaintiffs' exercise of their right to free speech and their right to demand a search warrant prior to the defendants' entry into plaintiffs' home.

        Plaintiffs were released from custody on February 24, 2015, between approximately 9:00 p.m. and 10:00 p.m., after the false criminal charges were adjourned in contemplation of dismissal. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

**NOTICE OF CLAIM**

5. With respect to plaintiffs' state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiffs, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

**JURY TRIAL**

6. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

**PARTIES**

7. Plaintiffs are residents of the State of New York, Kings County.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). Defendants were acting under color of state law and in their capacities

as members of the NYPD at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiffs from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On February 23, 2015, at approximately 11:50 p.m., plaintiffs, a husband and wife in their 50s, were arrested at their home located at 326 New York Avenue in Brooklyn, New York.

11. Prior to her arrest, plaintiff Roslyn Clarkson called 911 to report damage to the door of plaintiffs' home caused by a food delivery person who engaged in a verbal dispute with plaintiffs' son, Terrell, about a tip for the delivery of food and who, after damaging plaintiffs' door, fled from the scene.

12. When NYPD officers arrived on the scene, they refused to take plaintiffs' complaint and insisted on entering plaintiffs' home to question plaintiffs' son regarding a robbery reported by the food delivery person.

13. Plaintiffs told defendants they could not enter plaintiffs' home without a search warrant or an arrest warrant for their son, who was inside the home in his bedroom.

14. In retaliation for telling defendants that they were not authorized to enter the home, approximately four to five officers became physically aggressive and pushed their way into the house without consent, a warrant or exigent circumstances.

15. Plaintiffs had not committed any crime.

16. Plaintiffs were entitled to deny defendants' entry to their home without a warrant and without exigent circumstances justifying a warrantless entry.

17. Defendants, acting in concert, forcibly entered plaintiffs' home, removed plaintiffs from the premises, and arrested plaintiffs.

18. Plaintiff Roslyn Clarkson stood in the foyer of her home, when defendants, acting in concert, grabbed her by the arms, dragged her into the front yard, twisted her arms behind her back, slammed her body into a brick wall, and handcuffed her excessively tight, causing pain and injury.

19. Defendants refused Roslyn Clarkson's repeated requests to loosen the cuffs.

20. Plaintiff Norris Clarkson was handcuffed excessively tight, causing pain and injury to his wrists.

21. The tight cuffing of plaintiffs was retaliatory.

22. Several officers were present when plaintiffs were falsely arrested, but they did not intervene to protect them.

23. Defendants transported plaintiffs to the 71st precinct and prepared police reports falsely charging plaintiffs with obstructing governmental administration in the second degree and resisting arrest.

24. Defendants then transported plaintiffs to Brooklyn Central Booking where they misrepresented to prosecutors that plaintiffs had committed the aforesaid offenses.

25. Plaintiffs were released from custody on February 24, 2015, between approximately 9:00 p.m. and 10:00 p.m., when the false criminal charges were adjourned in contemplation of dismissal.

26. Plaintiffs suffered damage as a result of defendants' actions. Plaintiff Norris Clarkson was incarcerated for approximately 21 hours and suffered a loss of liberty,

economic loss, emotional distress, fear, anxiety, embarrassment, humiliation, damage to reputation and pain and physical injuries.  Plaintiff Roslyn Clarkson was incarcerated for approximately 22 hours and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, damage to reputation and pain and physical injuries.

## FIRST CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

27. Plaintiffs repeat the foregoing allegations.

28. At all relevant times, plaintiffs did not commit a crime or violation.

29. Despite plaintiffs' innocence, the defendants, acting in concert, arrested plaintiffs or failed to intervene to prevent their false arrests.

30. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN, are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM
## (UNREASONABLE FORCE)

31. Plaintiffs repeat the foregoing allegations.

32. Defendants' use of force upon plaintiffs or their failure to intervene to stop the use of force on them was objectively unreasonable and caused plaintiffs pain and physical injuries.

33. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under the Fourth Amendment for using unreasonable force on them.

## THIRD CLAIM

## (RETALIATION)

34. Plaintiffs repeat the foregoing allegations.

35. Defendants' false arrest of plaintiffs and use of force upon plaintiffs was motivated in substantial part by plaintiffs' exercise of free speech and their requests for a warrant.

36. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under the First and Fourth Amendments for retaliating against them for engaging in free speech and demanding a warrant.

## FOURTH CLAIM

## (FAILURE TO INTERVENE)

37. Plaintiffs repeat the foregoing allegations.

38. Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

39. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## FIFTH CLAIM

## (FALSE ARREST UNDER STATE LAW)

40. Plaintiffs repeat the foregoing allegations.

41. At all relevant times, plaintiffs did not commit a crime or violation.

42. Despite plaintiffs' innocence, the defendants, acting in concert, arrested plaintiffs or failed to intervene to prevent their false arrest.

43. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under New York state law for false arrest.

## SIXTH CLAIM
## (ASSAULT)

44. Plaintiffs repeat the foregoing allegations.

45. Defendants' seizure, arrest, and use of force upon plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts, which injured them.

46. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under New York state law for assault.

## SEVENTH CLAIM
## (BATTERY)

47. Plaintiffs repeat the foregoing allegations.

48. Defendants' seizure, arrest, and use of force upon plaintiffs were offensive and nonconsensual physical contacts, which injured plaintiffs.

49. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under New York state law for battery.

## EIGHTH CLAIM
## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

50. Plaintiffs repeat the foregoing allegations.

51. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

52. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have

previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

53. Nevertheless, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

54. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

55. Plaintiffs repeat the foregoing allegations.

56. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiffs.

57. Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for false arrest, assault and battery.

## TENTH CLAIM

### (UNLAWFUL ENTRY AND SEARCH OF HOME)

58. Plaintiffs repeat the foregoing allegations.

59. Defendants entered and searched plaintiffs' home without a warrant, assisted in the unlawful entry and search, or failed to intervene to prevent the unlawful entry.

60. Accordingly, defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under the Fourth Amendment for unlawfully entering and searching plaintiffs' home.

## ELEVENTH CLAIM

### (TRESPASS)

61. Plaintiffs repeat the foregoing allegations.

62. Defendants entered and searched plaintiffs' home without a warrant, assisted in the unlawful entry and search, or failed to intervene to prevent the unlawful entry.

63. Accordingly, the defendants LEWIS, VIGLIONE, DONNELLY, JAMES, CHENG, THALL, AND VROMAN are liable to plaintiffs under New York state law for trespass.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.


DATED:    March 2, 2016

/s/

_____
IZABEL OLSZOWA GARCIA, ESQ.
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-4734